IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BEVERLY BRABHAM )
    Petitioner )
 )
v )
 )
STATE OF ALABAMA )
    Respondent )

RECEIVED    FILED

2002 JUN 28 A 9: 44    JUN 2 8 2002

P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## 28 U. S. C. S. 2254 HABEAS CORPUS

    This cause of Habeas Corpus action is being brought by the Petitioner. She requests that she be GRANTED leave to proceed in forma pauperis, as she is not employed at present.

    The Petitioner presented to this Honorable Court all of the facts, documents, and records that she had pertaining to her illegal sentence and incarceration of April 1999. She wishes to present them in this separate Habeas Corpus. The fact that a probation never existed to be revoked in April 1999 has not been determined by this Honorable Court. D. A. Boyd Whigham withheld documents, the Case Action Summary, and even lied about Judge Gaither's sworn testimony in August 1999. This concealing, covering up, withholding documents, and lying about facts of the case that are in the Petitioner's favor is serious fundamental unfairness.

    Since the THIRD sentence for the same case is being considered in a separate Habeas Corpus, the Petitioner realizes that she must file a separate habeas corpus for each sentence ordered on the same case. The June 1996 conviction, which was obtained by the severe coercion of a guilty plea by the Judge and D.A. Whigham, was not intended to be the focus of the 99-T-1374-N Habeas Corpus. The April 2, 1999 false imprisonment was the reason it was filed. Double jeopardy always stands alone. The Petitioner was mainly alleging that her current incarceration of April 1999 was illegal, even if the lies of 1996 remained on record, and she was within the one-year statute of time for filing. This instant petition and the enclosed Exhibits are absolute proof beyond any doubt that the Petitioner was sentenced on an expired case on April 2, 1999, and that her incarceration, robbing her of 2 years of her life, was totally illegal - DOUBLE JEOPARDY.

    That Habeas Corpus was dismissed as being out of the statute of time concerning only the June 1996 ordeal. However,

/

the Petitioner WAS within the one-year time limitation for the sentence of April 2, 1999 (double jeopardy) which is the reason she filed. She alleged details of the occurrences of April 1999, but they were not addressed by this Honorable Court with that petition. It was not questioned as to whether a probation even existed, and the Petitioner has proof herein that NO probation was ordered on Case # 96-54. Since the Petitioner's sentence had been suspended, then ended, she was not "in custody" on the expired case until March 25, 1999 when jeopardy attached. It was suspended prior to the Alabama Court of Appeal's final judgement, therefore a Federal Habeas Corpus would not have been permitted because a suspended sentence is not considered "in custody". The Petitioner received the SECOND sentence for the expired case on April 2, 1999, more than two years after it had expired the first time, and only then was she rendered "in custody".

     D. A. Boyd Whigham managed to avoid sending the CASE ACTION SUMMARY as ordered by Magistrate Judge John Carroll. Whigham also avoided sending many vital documents to the case; those that were in the Petitioner's favor. He did not send the order of April 2, 1999 where he added to the original sentence and treated the sentence as if it were a new case. It was a new sentence, for the case had expired per Judge Gaither in May 1997. There is no entry of a hearing held on April 1, 1999. The Petitioner was not present or represented. Therefore this Honorable Court did not have the complete information as ordered. Documents were withheld, concealed, or lied about by D. A. Whigham. He ignored several of the Court's orders, but the Petitioner was unable to get this point across.

     The Petitioner received the THIRD sentence on April 18, 2001, EVEN BEFORE THE 99-T-1374-N HABEAS CORPUS WAS DISMISSED. The Petitioner also alleged double jeopardy at that time, but it was not included either by this Honorable Court until a recent and separate habeas corpus was filed concerning the sentence of April 18, 2001, after its expiration on April 10, 2001. Without the benefit of Counsel, the Petitioner thought it was proper to present all THREE sentences for the same case in ONE Habeas Corpus. After all, the THIRD sentence by Judge Smithart occurred while the Habeas Corpus was still pending. That is why the Petitioner wishes to file this instant Habeas Corpus

separately concerning the SECOND sentence on Case # 96-54. Then that will be a Habeas Corpus for each sentence the Petitioner has received for the same case.

### HABEAS CORPUS RELIEF SHOULD BE GRANTED

The original sentence for this case was suspended by the ordering Judge (Robertson). See Exhibit _E_, the Case Action Summary. He resigned his position as Judge, and Judge Gaither took the office of the Circuit Judge in Bullock County, Alabama. He ordered that the sentence remain suspended, then to return for further orders. Judge Gaither was notified by the Petitioner's attorney that his orders had been met, and to advise as to the Court's further orders. Judge Gaither chose not to call the Petitioner back to court for further orders for probation, and he stated so in his enclosed Affidavit. See Exhibit _A_, mainly the highlighted facts.

The Case Action Summary shows where the Petitioner was not called back for further orders by Judge Gaither. D. A. Whigham has avoided and ignored the true facts of the case, and he totally disregards Judge Gaither's involvement in his answers. The fact that there was NO probation to revoke is a definite Federal question, especially since the Petitioner spent 2 years, illegally incarcerated because of double jeopardy due to malicious prosecution. D. A. Boyd Whigham is notorious for prosecutorial misconduct. Many case examples exist in that horrified little town, ruled by his dictatorship.

The Case Action Summary does not even indicate where a hearing was held for the April 2, 1999 hearing to sentence the Petitioner to prison for 2 years on a "probation revocation" when she was not on probation. The attempted murder by the Petitioner's estranged husband rendered her physically incapable of being in court on April 1, 1999 when the sentencing supposedly occurred. She was not present, nor was she represented at the hearing, if one was even held. The court was well aware of her condition, but maliciously proceeded anyway.

The enclosed Exhibit _P_, a letter from Central Records, further proves that the Petitioner was not on probation in March 1999. Central Records was only notified of the sentence being suspended, for there, again, was no order for probation by Judge Gaither.

Judge Gaither appeared at a hearing in Bullock County Circuit Court in August 1999. He testified that he did not place Beverly Brabham on probation after he was satisfied that she had completed what he had ordered under the suspended sentence. See enclosed Exhibit **B**, Affidavit of Mary Corwin, especially the highlighted areas. The Petitioner was told by her Attorney who represented her that a Court Reporter was present at the August 1999 hearing. (The Petitioner is not aware of whether or not a Court Reporter was present at the April 1, 1999 hearing because she was not present.) At the August 1999 hearing, even after Judge Smithart was made aware that he had revoked a non-existent probation (just a matter of days after his being put in office), he was angry at the exposure of the truth, but still ruled against the Petitioner with callous disregard of her Constitutional Rights.

The Petitioner should be within the statute of time for filing, as the Habeas Corpus which contained this material was dismissed less than a year ago, and it was all alleged in that Habeas Corpus. Whether or not a probation existed was not established prior to the dismissal. That Habeas Corpus also contained the material in the pending Habeas Corpus (Case # 02-D-350-N) which involves the THIRD sentence for the same case, but the Petitioner filed a separate Habeas Corpus when she realized that the Court did not address it. Thus, the Petitioner thought it was necessary to file for this relief separately also. The enclosed documents, proving that the Petitioner was re-sentenced on April 2, 1999 on an expired case have not bee addressed by this Honorable Court until now.

The Petitioner prays that this Honorable Court would grant her the relief she is so due. She is aware now that a separate Habeas Corpus should be submitted for each sentence received on the same case.

Respectfully Submitted,

*Beverly Brabham*

Beverly Brabham

# EXHIBITS NOT SCANNED